IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lonnie Golliver, etc.,                        Case No. 3:04 CV 7565

             Plaintiff,                  O R D E R

         -vs-                           JUDGE JACK ZOUHARY

Progressive Stamping, Inc., et al.,

             Defendant.

      The Court held a Status Phone Conference with counsel on October 27, 2006.

      By way of background, this case was removed from the Common Pleas Court of Putnam County, Ohio on September 16, 2004 (Docket No. 4). The basis for removal was an ERISA claim involving Defendant Bridge Benefits which was dismissed by Stipulation of the parties on August 17, 2006 (Docket Nos. 82 and 83). Therefore, the basis for removal jurisdiction no longer exists and this Court is within its authority to retain or send this case back to Putnam County.

      Counsel advised the Court there is pending in the Putnam County Court of Common Pleas a related case captioned *Marvin William Boecker, et al. v. Progressive Stamping, Inc.* (Case No. 05 CV 239). That case arises out of the same underlying incident and involves the same legal counsel. Both cases involve identical factual and legal issues and the same witnesses would be called for trial.

A district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). "District courts have broad discretion in deciding whether to exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.2d 617, 620 (6th Cir. 1999). As a general rule, if the claims over which the court has original jurisdiction are dismissed before trial, the state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court sees no reason to depart from the general rule in this case. The interests of judicial economy, convenience, fairness, and comity favor dismissal of the remaining wrongful death claim so that it can be tried in state court along with the companion wrongful death claim. Counsel agree.

The Court therefore finds that in the interest of judicial efficiency these cases should be consolidated for further action, including ruling on the pending summary judgment pleadings (Docket Nos. 95, 99, 102, 105).

The Clerk is instructed to remand this case back to the Putnam County Court of Common Pleas for consolidation with the related case of *Marvin William Boecker, et al. v. Progressive Stamping, Inc.* (Case No. 05 CV 239).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE